**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zryan Rhett Carlson, | No. CV-23-08578-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Walmart Incorporated, | |
| Defendant. | |

Currently pending before the Court is Defendant Walmart, Inc.'s ("Walmart") Motion to Dismiss. (Doc. 7). Plaintiff has not responded. The Court now rules on the motion.

**I.   FACTUAL BACKGROUND**

The following summary of facts is taken from the Complaint and attachments thereto. In deciding a motion to dismiss for failure to state a claim, the Court must construe the facts alleged in the Complaint in the light most favorable to the plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Plaintiff Zryan Rhett Carlson filed his Complaint against Defendant in the Superior Court of Arizona on September 15, 2023. (Doc. 1-3 at 3). He proceeds pro se. Defendant timely removed the case under both diversity and federal question jurisdiction on October 12, 2023. (*Id.* at 37–38). Plaintiff is a former employee of Defendant Walmart. (*Id.* at 10). At the beginning of Plaintiff's employment, he informed human resources that he had a

"disability in a light form and needed more clear work instruction." (*Id.* at 10). Human resources purportedly told him they would let his managers know. (*Id.*) Plaintiff worked for about two months in his job as a truck unloader associate until one day he "had an employee decide to tell [him] how to do [his] job." (*Id.*) The "[c]onversation got a little bit heated and [he] tried to remove [him]self from [t]he situation and go talk to a manager about it. However, [he] was not given reasonable accommodation to do so." (*Id.*) Plaintiff discussed the incident with his supervisors the next day and explained that the other employee "got in the way of [his] job instruction including the coach's instruction which led to issues." According to Plaintiff, the employee "decided not to follow coach's instruction and correction of issue [sic] which resulted in [Plaintiff] being wrongfully terminated from the employer." (*Id.*)

Plaintiff allegedly attempted to appeal the decision and was told he could not reapply for six months. (*Id.*) However, he was also allegedly told he could not be rehired. (*Id.*) Plaintiff then applied for unemployment benefits. (*Id.*) Attached to the Complaint, Plaintiff has provided a letter from the Arizona Department of Economic Security stating that Plaintiff was eligible for unemployment insurance. (*Id.* at 8). The letter further stated that Plaintiff's "employer has not provided evidence that [Plaintiff's] discharge was for disqualifying reasons." (*Id.*) It is unclear as to whether Plaintiff received the unemployment insurance he was purportedly entitled to receive.

In his Complaint, Plaintiff alleges that (1) "Walmart Inc. is in violation of employment law & statute A.R.S. 23-775.2[;]" (2) "Walmart Inc. did not provide enough reason to legally fire me under State & Federal laws[;]" and (3) "unemployment has determined wrongfull [sic] termination under A.R.S. statute 23-775.2." (*Id.* at 5).

## II.   STANDARD OF REVIEW

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure

to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**III.    DISCUSSION**

Defendant argues that the case should be dismissed because Plaintiff fails to state a claim. Plaintiff sues under A.R.S. § 23-775.2. The Court will interpret this to be A.R.S. § 23-775(2), which states:

> An individual shall be disqualified for benefits:
> 2. For the week in which the individual has been discharged for wilful or negligent misconduct connected with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable.

Defendant claims that this statute "does not discuss a cause of action versus an employer whatsoever." (Doc. 7 at 4). The Court agrees with Defendant. A.R.S. § 23-775(2) does not provide a cause of action, and Plaintiff has pointed to no other statute or law that provides a cause of action to provide relief for the alleged transgression of Defendant. Plaintiff's assertion that "Walmart did not have enough reason to legally fire me under State and Federal Laws" is conclusory, and Plaintiff does not provide the Court with any of the state or federal laws that Defendant allegedly violated when it terminated Plaintiff. Due to Plaintiff's failure to identify any legal theory under which he is entitled to relief, he has failed to state a claim, and the Court dismisses his claims without prejudice. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot manufacture arguments [for a party] . . . . Rather, we 'review only issues which are argued specifically and distinctly . . . .'") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)); *Balistreri*, 901 F.2d at 699.

The Ninth Circuit Court of Appeals has instructed district courts to grant leave to

amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless [the Court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, the Court cannot conclude that no facts could be alleged against Defendant that would state a claim.[1] Therefore, the Court will grant Plaintiff leave to amend his claims. The Court notes that Defendant is correct in its assertion that Plaintiff must exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before seeking a federal adjudication of any ADA-related claims. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint that complies with the requirements of Federal Rules of Civil Procedure 8(a) and 10(b) and shall set forth the factual bases for Plaintiff's claims within fourteen (14) days of the date of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] For example, an ADA interference claim requires a showing that an individual (1) exercised or enjoyed a right expressly granted by the ADA, such as requesting or receiving an accommodation; (2) he was subjected to interference, coercion or threats in relation to the exercise or enjoyment of that right; and, (3) he suffered "a distinct and palpable injury" as a result. *See Brown v. City of Tucson*, 336 F.3d 1181, 1191–9 (9th Cir. 2003) (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1123 (9th Cir. 2001)). Additionally, "[t]o prevail on an ADA claim of unlawful discharge the plaintiff must establish a prima facie case by showing that: (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within fourteen (14) days, this case will be dismissed for failure to state a claim, and the Clerk of the Court shall enter judgment accordingly.

Dated this 14th day of February, 2024.

James A. Teilborg
Senior United States District Judge